IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Jane Doe,<br><br>   *Plaintiff*<br><br>v.<br><br>US Fertility, *et al.*,<br><br>   *Defendant.* | Civil Action No.: 1:21-cv-00579<br><br>Judge Gary S. Feinerman |

**PROPOSED INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO INTERVENE AND TRANSFER</u>**

  The undersigned attorneys represent Alec Vinsant, Marla Vinsant, Jane Doe 1, Lisa Cox, Nikitia Hollingsworth Forest, Doris Matthew, Jane Doe, Paul Porta, Kelly Jacobs, Heidi Schneider, Laura Petersen, Riley Fadness, Tiffany Hitaffer, Karen Logan, Raynard Stuckey, Samantha Stuckey, Britt Decker, Anne Strickland, Cristielly Santana, and Patrisia Vela (collectively, "Proposed Intervenors"), and were named co-lead Interim Class Counsel in the consolidated class action styled as *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (D. Md.) (the "Multistate Consolidated Class Action"). As with the instant action, the Multistate Consolidated Class Action arises out of the data breach of US Fertility, LLC's ("USF's") computer networks from at least August 12, 2020 to September 14, 2020 that led to the unauthorized access and exfiltration by hackers of Plaintiffs' and the putative class' sensitive personal identifying information ("PII"), including patients' names, dates of birth, addresses, Social Security numbers, health insurance information, financial account information, and sensitive medical records.

1

The Multistate Consolidated Class Action now consolidates ten putative class actions—two of which were filed before the instant action—against USF and its affiliates. In the Multistate Consolidated Class Action, twenty named plaintiffs bring causes of action on behalf of themselves, a nationwide class, and twelve state subclasses, including an Illinois subclass.[1] "[W]hen faced with two identical or nearly identical cases, 'the first case should be allowed to proceed and the second should be abated.'" *Humphrey v. United Healthcare Servs., Inc.*, Case No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014) (quoting *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989)). Because efficient judicial administration, the convenience of the parties and witnesses, and the interests of justice weigh in favor of resolving these materially identical suits in Maryland, Proposed Intervenors move pursuant to Federal Rule of Civil Procedure 24(b) to intervene in this action for the limited purpose of seeking a transfer of this instant action pursuant to 28 U.S.C. § 1404(a) and the first-filed rule to the U.S. District Court for the District of Maryland.

## I. The Multistate Consolidated Class Action

USF is one of the largest back-office support services networks for fertility clinics in the United States. From at least August 12, 2020 to September 14, 2020, hackers were able to infiltrate its computer networks and gain unauthorized access to the extremely sensitive personal identifying information USF was required to safeguard, including patients' names, dates of birth, contact information, Social Security numbers, health insurance and claims information, financial account information, and sensitive medical records. USF began giving notice of the data breach in November 2020.

---

[1] Plaintiffs also bring claims on behalf of California, Florida, Idaho, Kansas, Maryland, Nevada, North Carolina, South Carolina, Texas, Virginia, and Washington state subclasses.

The first case arising from the USF Data Breach was filed on January 26, 2021, in the United States District Court for the District of Maryland, where USF has its principal place of business. *Vinsant, et al. v. US Fertility, LLC*, 8:21-cv-00225 (D. Md., filed Jan. 26, 2021). In the following days and weeks, several other related putative class actions were filed in the District of Maryland and other venues across the country, including California state court, the Eastern District of New York, the Eastern District of Pennsylvania, and this Court.[2]

Except for the *Doe* matter before this Court, every USF Data Breach class action in the United States has either been dismissed or consolidated into the District of Maryland proceedings. First, on March 23, 2021, the District of Maryland consolidated the eight cases pending in that district and assigned the consolidated action to Judge Messitte. *See* Order Consolidating Cases, *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (D. Md. Mar. 23, 2021), ECF No. 20. On April 6, 2021, after reviewing multiple applications for appointment of counsel, Judge Messitte appointed the undersigned to act as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). *See* Memorandum Opinion & Order, *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (Apr. 6, 2021), ECF No. 35. Interim Class Counsel filed a Consolidated Class Action Complaint on June 7, 2021. *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (June 7, 2021), ECF No. 39.

---

[2] *See Browne v. US Fertility, LLC et al.*, Case No. 2:21-CV-00367 (E.D. Pa., filed Jan. 27, 2021); *Doe et al. v. US Fertility, LLC*, Case No. 8:21-cv-00248 (D. Md., filed Jan. 28, 2021); *Mullinix v. US Fertility, LLC*, Case No. 8:21-cv-00409 (C.D. Cal., filed Feb. 1, 2021, removed to federal court Mar. 3, 2021); *Fadness et al. v. US Fertility, LLC*, Case No. 8:21-cv-00299, (D. Md. filed Feb. 4, 2021); *Churchill v. US Fertility, LLC*, Case No. 8:21-cv-00370 (D. Md., filed Feb. 15, 2021); *Leonard v. US Fertility, LLC*, Case No. 2:21-cv-00835-JMA-ARL (E.D.N.Y., filed Feb. 16, 2021); *Decker v. US Fertility, LLC*, Case No. 8:21-cv-00404 (D. Md., filed Feb. 17, 2021); *Mateson v. US Fertility, LLC,* Case No. 8:21-cv-00466 (D. Md., filed Feb. 23, 2021); *Stuckey et al. v. US Fertility, LLC*, 8:21-cv-00496 (D. Md., filed Feb. 25, 2021); *Forest, et al vs. US Fertility, LLC*, Case No. 8:21-cv-00646 (D. Md., filed Mar. 15, 2021).

On June 8, 2021, the Central District of California granted USF's motion to transfer a related putative class action, *Mullinix v. US Fertility, LLC*, from that district to the District of Maryland under the first-to-file rule. *Mullinix v. US Fertility, LLC*, No. 8:21-cv-00409, 2021 WL 4935976 (C.D. Cal. June 8, 2021). The court noted that the Maryland case was the first to be filed and that the parties and issues in the cases were substantially similar. *Id.* at *2. The court explained that:

> With respect to the putative classes, the plaintiffs in each case seek to represent individuals whose personal data was compromised in the 2020 US Fertility data breach. Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals. Here, there is substantial, if not total, overlap.

*Id.* at *2 (citations omitted). And, although the claims were not identical, the California case was "substantially similar" to the Multistate Consolidated Class Action because "the core theory for both cases is the same, as the plaintiffs allege that US Fertility failed to adequately safeguard its patients' sensitive information leading to personal and financial harm to the plaintiffs and their personal information." *Id* at *3. Accordingly, the court granted the motion to transfer to "minimize the risk of inconsistent judgments that affect the class members whose personal information was affected by the 2020 data breach" and to "conserve judicial resources and allow discovery to managed by a single court." *Id.*

On July 16, 2021, the Eastern District of New York also transferred *Leonard v. US Fertility, LLC*, to the District of Maryland. *See* Order, No. 2:21-cv-00835-JMA-ARL (E.D.N.Y. July 16, 2021), ECF No. 16.[3] After the transfers, the *Mullinix* and *Leonard* actions were consolidated with the Multistate Consolidated Class Action.

---

[3] *Browne v. US Fertility, LLC*, was dismissed for lack of jurisdiction. Case No. 2:21-CV-00367, 2021 WL 2550643, at *3 (E.D. Pa. June 22, 2021).

On November 15, 2021, Interim Class Counsel filed the First Amended Consolidated Class Action Complaint. *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (Nov. 15, 2021), ECF No. 60. This Complaint raises claims on behalf of twenty named plaintiffs and a class of similarly situated individuals arising from the August and September 2020 data breach of US Fertility's systems. It names as defendants US Fertility, LLC and Shady Grove Reproductive Service Center P.C.—which are both headquartered in Maryland—and Fertility Centers of Illinois, S.C. The Complaint brings claims on behalf of a nationwide class of "[a]ll persons residing in the United States whose PII as defined herein, was compromised in the Data Breach that USF announced in November 2020," as well as various state subclasses, including an Illinois subclass. *See* ECF No. 60, ¶¶ 227–22. And it alleges sixteen causes of action, including negligence, unjust enrichment, breach of confidence, breach of contract, and violations of various state statutes, including the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. §§ 505/1 *et seq*.

The parties to the Multistate Consolidated Class Action have completed briefing on USF's motion to dismiss and are awaiting the Maryland district court's decision on that motion.

## II.     The Illinois Action

Even though the *Vinsant* and *Doe* actions were already pending in the District of Maryland, on February 1, 2021, plaintiff Jane Doe filed a substantially similar putative class action in the instant case on behalf of "[a]ll persons residing in the United States who were patients of USF and/or Fertility Centers and whose Personal Information was accessed without authorization as a result of the Data Breach," and an Illinois subclass. (ECF No. 1). Jane Doe amended her complaint on February 3, 2021 to allege that plaintiff was a citizen of Illinois. (ECF No. 5).

On June 3, 2021 USF and Fertility Centers of Illinois moved to transfer the Illinois Action to the District of Maryland. (ECF No. 34). The Court denied that motion without prejudice on

Friday, June 4, 2021. (*See* Minute Entry, ECF No. 35). On Monday, June 7, 2021, Plaintiffs in the Consolidated Multistate Class Action filed their Consolidated Complaint, which includes Illinois clients and claims, and names Fertility Centers of Illinois as a defendant.[4]

As in the Multistate Consolidated Class Action, the claims in the instant action are brought against US Fertility and the Fertility Centers of Illinois and arise out of the data breach of USF's computer networks in August and September 2020. And like the Multistate Consolidated Class Action, the complaint in the instant case brings causes of action for breach of contract, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (*See* ECF No. 5). The Multistate Consolidated Class Action, however, also raises claims for negligence, breach of confidence, and violations of the laws of eleven states that are not included in the Illinois Action.[5]

### III. The Court should permit intervention.

Pursuant to Federal Rule of Civil Procedure 24(b), the Court should permit intervention for the limited purpose of filing this Motion to Transfer. *See* Fed. R. Civ. P. 24(b). Rule 24(b) allows permissive intervention where the proposed intervenors have "a claim or defense that shares with the main action a common question of law or fact," and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). In determining whether to grant permissive intervention, the Seventh Circuit considers the following four factors:

> (1) The length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances.

---

[4] The timing was coincidental. Months earlier, on April 20, 2021, Judge Messitte ordered Plaintiffs in the Multistate Consolidated Class Action to file their Consolidated Complaint by June 7, 2021. *See* Case Management Order, *In re US Fertility, LLC Data Security Litigation*, No. 8:21-cv-299 (D. Md.), ECF No. 37.
[5] The Multistate Consolidated Class Action does not include claims for breach of implied contract, breach of fiduciary duty, or invasion of privacy, which are before the Court in the instant action.

6

*South v. Rowe*, 759 F.2d 610, 612 (7th Cir.1985). These factors weigh in favor of granting the motion to intervene here.

First, Proposed Intervenors are filing this motion within a reasonable period of time. Before expending judicial resources on a motion to intervene and transfer, Proposed Intervenors attempted to determine whether there was a possibility of early class-wide resolution, *see* Joint Request for Early Settlement/ADR Conference, *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (July 2, 2021), ECF No. 42, and the parties engaged in a mediation session on September 28, 2021. *See* Plaintiffs' Motion for Leave to File a First Amended Consolidated Complaint and Third Stipulation to Partially Modify the Amended Case Management Order, *In re US Fertility, LLC Data Security Litigation*, Master File No. 8:21-cv-299 (November 10, 2021), ECF No. 55. When the case was not resolved in that mediation, the parties briefed USF's motion to dismiss, and Proposed Intervenors now bring this motion to intervene and transfer so that the case may be fully litigated in one forum.

Second, permitting intervention will not unduly delay or prejudice the parties' rights because Jane Doe is an absent class member in the Multistate Consolidated Class Action. Even if her case is transferred and consolidated, her interests will continue to be represented as a class member. *See Askin v. Quaker Oats Co.*, Case No. 11CV 111, 2011 WL 5008524, at *6 (N.D. Ill. Oct. 20, 2011) (granting permissive intervention to named plaintiffs in first-filed class action). Defendants' rights will also not be delayed or prejudiced, since they are already parties to the Multistate Consolidated Class Action, which they are actively litigating and defending. Nor will intervention unduly the delay the litigation, as both the Illinois Action and the Multistate Consolidated Class Action are in similar procedural postures. Neither this Court nor the U.S. District Court for the District of Maryland have ruled on USF's motions to dismiss.

7

By contrast, Proposed Intervenors will be prejudiced if intervention is denied. Proposed Intervenors clearly have "a claim or defense that shares with the main action a common question of law or fact." The Illinois action involves two of the same defendants and many of the same causes of action brought on behalf of individuals whose PII and sensitive medical information was exfiltrated during the August and September 2020 data breach of USF's computer networks. And the class definitions for the putative nationwide class and the Illinois state subclass are identical. Denying intervention here will eliminate Proposed Intervenors' opportunity to argue that the Illinois action, which involves substantially similar issues as the Multistate Consolidated Class Action, and in which an adverse decision may affect the putative class members' rights, should be litigated in the same forum as the first-filed Maryland case and the Consolidated Class Action.

Finally, there are no unusual circumstances present that weigh against permissive intervention.

In sum, the permissive intervention requested here is appropriate under applicable standards. And it is necessary to determine whether the Court should apply the well-established first-to-file rule to avoid judicial inefficiency and potentially contradictory rulings resulting from parallel and near-identical class actions proceeding in two different districts. Accordingly, the Court should grant this motion and permit intervention.

### IV. The Court should grant proposed intervenor's motion to transfer pursuant to the first-to-file rule.

Courts in the Seventh Circuit have long recognized an interest in avoiding duplicative litigation and have granted motions to transfer cases raising substantially similar claims to districts where the action was first filed. "Because 'duplications and possible conflicts between the two district courts could occur' . . . the action 'should not be split between two districts.'" *NDX Advisors, Inc. v. Balistreri*, Case No. 10 C 7019, 2011 WL 6950948, *5 (N.D. Ill. 2011) (quoting

8

*F.T.C. v. MacArthur*, 532 F.2d 1135, 1143 (7th Cir. 1976)). "Pursuant to its inherent power, a court may dismiss the second-filed action to avoid duplicative litigation. In the alternative, a court may transfer the case under § 1404(a) so that it may be consolidated with the first-filed action." *Barrington Group, Ltd. v. Genesys Software Systems, Inc.*, 239 F. Supp. 2d 870, 874 (E.D. Wis. 2003) (citations omitted). "Judicial economy is a particularly important concern when two actions involving the same parties and issues are pending in different districts." *Id.* at 873.

In general, "[t]here is a rebuttable presumption that the first-filed action should go forward and the second-filed action should be abated." *Household Intern., Inc. v. Westchester Fire Ins. Co.*, Case No. 02 C 3566, 2002 WL 31307426, *1 (N.D. Ill. 2002); *see also Humphrey*, 2014 WL 3511498, at *2 ("[T]he "first-filed" doctrine complements § 1404 and other procedural rules by stating that when faced with two identical or nearly identical cases, 'the first case should be allowed to proceed and the second should be abated.' (quoting *Asset Allocation & Mgmt. Co.*, 892 F.2d at 573)). "[T]he apparent trend among Courts in this District is to grant transfer motions under the key geographic factors present here: the defendant is located in the transferee district, two similar class actions are pending in different federal districts and one of the class actions is pending in the transferee district." *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1063–64 (N.D. Ill. 2015).

In determining whether a class action is duplicative under the first-to-file rule, courts consider whether the *putative classes* alleged in the second-filed action are identical, not whether the named plaintiffs are the same. *Humphrey*, 2014 WL 3511498, at *3; *Askin*, 2012 WL 517491, at *4 ("True, the named plaintiffs are not the same, but recent cases from this and other districts make clear that the class members are the proper focus of this inquiry.").

9

The Seventh Circuit has made clear that courts may apply the first-to-file rule as long as the "principles that govern requests for transfer do not indicate otherwise." *Humphrey*, 2014 WL 3511498, at *3 (quoting *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010)). The principles "that govern requests for transfer" are set out in 28 U.S.C. § 1404(a)—convenience and the interest of justice. In measuring convenience, courts consider "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Id.* In weighing the interest of justice, "[c]ourts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.* at *4.

Here, there is no question that the named representatives in the Multistate Consolidated Class Action and Jane Doe seek to bring claims on behalf of the same putative nationwide and Illinois classes against the same defendants. And there is no question that the two actions arise out of an identical factual predicate—the August and September 2020 breach of USF's computer network. That the two actions do not raise precisely the same causes of action does nothing to undermine this substantial overlap in issues, claims, and defenses. *See, e.g.*, *Aland v. Kempthorne*, Case No. 07-CV-4358, 2007 WL 4365340, *5 (N.D. Ill. 2007) (explaining, in granting motion to transfer, that although "[n]ot all of the claims in both cases are identical, . . . the amount of overlap is significant and the chance of conflicting orders is real." ); *Preci-Dip, SA v. Tri-Star Electronics Intern., Inc.*, Case No. 08 C 4192, 2008 WL 5142401, *2 (N.D. Ill. 2008) ("[T]he claims in the two suits need not be identical to satisfy the 'same issues' requirement of the first-to-file doctrine. . . .[I]t is sufficient if the issues 'substantial[ly] overlap.'" (citations omitted)). This is therefore exactly the type of situation in which the first-to-file rule applies.

Moreover, the § 1404(a) factors do not counsel against transfer. Although this Court gave great weight to "Plaintiff's strong interest in proceeding in her home forum" in denying USF's earlier motion to transfer without prejudice (Minute Entry, ECF No. 35), "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Nicholas v. Conseco Life Ins. Co.*, 12 C 0845, 2012 WL 1831509, *4 (N.D. Ill. 2012) ("[I]n nationwide class action cases plaintiff's choice of forum is entitled to little weight."); *Banks v. Cent. Refrigerated Servs. Inc.*, No. 2:15-CV-105, 2016 WL 8671568, at *2 (N.D. Ind. Apr. 29, 2016) ("[I]n class action suits, such as this case, a plaintiff's choice of forum is entitled to less deference because any member of the 'class who subsequently chooses to appear might be faced with similar inconveniences, depending on where the action proceeds.'"(citation omitted)); *George v. Kraft Foods Global, Inc.*, 2007 WL 853998, *5 (S.D. Ill. 2007) (same); *Humphrey*, 2014 WL 3511498, at *3 (same). Nor is Illinois more convenient than the District of Maryland. The data breach at issue did not involve the actual fertility services provided to class members in Illinois, but rather a malware attack on US Fertility's computer systems. US Fertility's headquarters are in Maryland.

With respect to the interests of justice, they weigh toward having the case resolved in one forum—the one where the first action was filed, where the defendant resides, and where several putative actions have already been consolidated and the court has already appointed Interim Class Counsel—rather than duplicated in two districts. This factor deserves heightened consideration in data breach litigation. Nearly all data breach class action settlements include terms that require the defendant to mitigate cybersecurity deficiencies that led to the data breach. Permitting parallel class actions to proceed, therefore, presents a heightened risk that the parties would demand

11

contradictory or conflicting solutions to technical problems. And Maryland has a strong interest in regulating the corporations that are headquartered in the state.

As the Central District of California found in transferring a related action pending before it to the District of Maryland, such transfer will preserve judicial resources and protect the interests of putative class members. *Mullinix v. US Fertility, LLC*, No. 8:21-cv-00409, 2021 WL 4935976, at *3 (C.D. Cal. June 8, 2021). This Court should follow suit.

V.  **Conclusion**

For all the reasons discussed above, the Proposed Intervenors respectfully request that the Court grant this motion to intervene and grant their motion to transfer the Illinois Action pursuant to the first-to-file rule to the U.S. District Court for the District of Maryland.

Dated: January 26, 2022            Respectfully submitted,

*/s/ Hassan A Zavareei*
Hassan A. Zavareei (Bar No. 456161)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW Suite 1000
Washington, DC 20036
(202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com

John A. Yanchunis (Bar No. 0324681)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 233-5505
jyanchunis@forthepeople.com

Gayle M. Blatt*
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
T: (619) 238-1811
F: (619) 544-9232
gmb@cglaw.com

David M. Berger*
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
dmb@classlawgroup.com

*Interim Co-Lead Class Counsel*

**pro hac vice* applications forthcoming

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January 2022, a copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

                                              */s/ Hassan A. Zavareei*
                                              Hassan A. Zavareei